■ ALLEN B. HARRADINE, Individually, and as Director of the Orleans County Taxpayers Association, Inc., Respondent, v BOARD OF SUPERVISORS OF ORLEANS COUNTY, Appellant, et al., Defendant. — Order unanimously modified, without costs, and, as modified, affirmed, in accordance with the following memorandum: In this action for a declaratory judgment which involves the distribution and apportionment of the members of the Board of Supervisors of Orleans County, the defendant board appeals from an award of attorney's fees to plaintiff under the Civil Rights Attorney's Fees Awards Act of 1976 (US Code, tit 42, § 1988). On February 20, 1980, in rejecting the grounds on which a prior award was made in this action, we held that attorney's fees may be awarded under section 1988 upon a finding that plaintiff was in fact a "prevailing party" in a civil rights action embraced within the spirit of section 1983 of title 42 of the United States Code *(Harradine v Board of Supervisors of Orleans County,* 73 AD2d 118). On March 21, 1980 plaintiff applied for attorney's fees totaling $58,570 under section 1988 and submitted a 12-page itemization of the legal services rendered in his behalf in the action from March 9, 1977 to March 11, 1980. The trial court found that the action was a civil rights action and that plaintiff was a prevailing party. Based on the affidavits of plaintiff's attorneys and the facts adduced at a hearing, the trial court made a total award of $58,570 consisting of a base allowance of $42,750, arrived at by applying a constant hourly rate of $90 to the approximate 475 hours of legal time devoted to the case, and an additional award of $16,000 because of the "unusually high degree of skill demonstrated by the plaintiff's attorneys". On this appeal the board claims that plaintiff was not a prevailing party to entitle him to an award of fees, that the trial court abused its discretion by awarding unreasonable attorney's fees, and that it failed to specify facts justifying an award in addition to the base allowance. We agree, for the reasons stated by the trial court, that plaintiff was responsible for a redress of the constitutional rights violation and insured that an ultimate remedy will result to the voters of Orleans County, and that plaintiff is a prevailing party and entitled to have the cost of attorney's fees assessed against the defendant (see *Harradine v Board of Supervisors of Orleans County,* 73 AD2d 118, *supra; Harradine v Board of Supervisors of Orleans County,* 68 AD2d 298). We find, however, that the trial court erred by awarding excessive attorney's fees. The prior award of counsel fees, which we vacated for reasons other than reasonableness *(Harradine v Board of Supervisors of Orleans County,* 73 AD2d 118, *supra),* included an award of $11,825 for 150¾ hours of legal services expended by these attorneys on the case for the period from March 9, 1977 to November 3, 1978. A claim for these services is also included in the present application. The previous evaluation of these legal services by the court was found then to be "fair and reasonable". Their reasonableness was not questioned or reviewed on the first appeal. These legal services did not increase in value because of the lapse of time. The record does not warrant their re-evaluation at the higher hourly rate of $90. We hold that the plaintiff and the trial court are bound by the previous award for the legal time devoted to the case to November 3, 1978. The evidence in the record, however, does permit the application of a $90 hourly rate for the additional approximately 325 hours of services rendered from November 3, 1978 to March 11, 1980. Further, the trial court erred as a matter of law in making the additional allowance of $16,000 based solely on the "skill" demonstrated by the attorneys. The court properly found that no special expertise is involved in

apportionment cases, that the issues here were not complex and that the risk of litigation was minimal. On those findings, no additional award may be made *(City of Detroit v Grinnell Corp.,* 495 F2d 448). The hourly rate established by the trial court reflects the legal skill required for the proper performance of legal services to plaintiff. The issues presented in this litigation were not novel. It is not a pioneer case and had many predecessors in New York State involving the same issues (see *Harradine v Board of Supervisors of Orleans County,* 68 AD2d 298, *supra,* and cases cited therein). The trial court made no finding of factors which would justify an additional award, nor did it describe the method by which it arrived at the augmented fee (see *City of Detroit v Grinnell Corp.,* 560 F2d 1093, 1100). Any increase in the base compensation figure "reflects exceptional services only; it may be considered in the nature of a bonus * * * [t]he heavy burden of proving entitlement to such an adjustment is on the moving party" *(Lindy Bros. Bldrs. of Philadelphia v American Radiator & Std. Sanitary Corp.,* 540 F2d 102, 118). That this record simply does not support such an allowance is conclusively demonstrated by the affirmative findings of the trial court. Also, we note that the hours of service to which the hourly rate is applied include the time expended in the applications for attorney's fees. While this time, reasonably spent, is compensable, attorneys in these cases are not entitled to an additional or bonus award based on the hours of legal services incurred in establishing their own fees *(Bagby v Beal,* 606 F2d 411). Accordingly, applying a $90 hourly rate for the number of hours of services rendered after November 3, 1978, and adding the sum of $11,825 which the court previously found to be the "fair and reasonable" value of the services rendered to November 3, 1978, we conclude that the sum of $41,000 constitutes a reasonable attorney's award to plaintiff for the legal services rendered in this case. (Appeal from order of Orleans Supreme Court, Kasler, J. — attorney's fees.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ. (Order entered Nov. 13, 1981.)